**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Amanda Olson, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   17 C 5918 |
| | ) | |
| Rushmore Service Center, LLC, a | ) | |
| South Dakota limited liability company, | ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Amanda Olson, brings this action under the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692, <u>et seq.</u> ("FDCPA"), for a finding that Defendant's debt

collection actions violated the FDCPA, and to recover damages for Defendant's

violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.     This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28

U.S.C. § 1331.

2.     Venue is proper in this District because: a) the acts and transactions

occurred here; b) Plaintiff resides here; and, c) Defendant resides and transacts

business here.

**PARTIES**

3.     Plaintiff, Amanda Olson ("Olson"), is a citizen of the State of Illinois,

residing in the Northern District of Illinois, from whom Defendant attempted to collect a

delinquent consumer debt that she allegedly owed to First Premier Bank.

4.     Defendant, Rushmore Service Center, LLC ("Rushmore"), is a South Dakota limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois.  In fact, Rushmore was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5.     Defendant Rushmore is authorized to conduct business in the State of Illinois and maintains a registered agent within the State of Illinois, see, record from the Illinois Secretary of State, attached as Exhibit A.  In fact, Defendant conducts business in Illinois.

6.     Defendant Rushmore is licensed as a debt collection agency in the State of Illinois, see, record from the Illinois Department of Professional Regulation, attached as Exhibit B.  In fact, Defendant acts as a collection agency in Illinois.

## FACTUAL ALLEGATIONS

7.     On June 25, 2014, Ms. Olson filed a Chapter 13 bankruptcy petition in a matter styled In re: Olson, N.D. Ill. Bankr. No. 14-23633 and thereafter converted her bankruptcy to a Chapter 7 on January 23, 2017.  Among the creditors listed on Ms. Olson's Schedule of Post-Petition Debts that were included in the converted bankruptcy was the debt she allegedly owed to First Premier Bank, see, Schedule attached as Exhibit C.

8.     Accordingly, on January 26, 2017, First Premier Bank was sent, via electronic transmission, notice of the bankruptcy by the court, see, the Certificate of

Service to the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors & Deadlines, which is attached as Exhibit D.

9.     Moreover, Ms. Olson received a discharge of her debts on April 25, 2017 and on April 26, 2017, First Premier Bank was sent notice of this discharge via electronic transmission, see, the Certificate of Service to the Discharge of Debtors, which is attached as Exhibit E.

10.     Plaintiff's bankruptcy is a matter of public record, is on her credit reports, is in the files on the creditor and is readily discoverable by any competent debt collector via one of the bankruptcy "scrub" services.

11.     Nonetheless, Defendant Rushmore sent Ms. Olson a collection letter, dated July 12, 2017, demanding payment of the First Premier Bank debt she allegedly owed prior to the bankruptcy.  A copy of this collection letter is attached as Exhibit F.

12.     Defendant's violations of the FDCPA were material because, Defendant's continued collection communications after she had received her bankruptcy discharge made Plaintiff believe that her exercise of her rights through filing bankruptcy may have been futile and that she did not have the right to a fresh start that Congress had granted her under the FDCPA and the Bankruptcy Code.

13.     All of Defendant Rushmore's collection actions at issue in this matter occurred within one year of the date of this Complaint.

14.     Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692e Of The FDCPA --
### Demanding Payment Of A Debt That Is Not Owed

15.     Plaintiff adopts and realleges ¶¶ 1-14.

16.     Section 1692e of the FDCPA prohibits a debt collector from using any

false and/or any deceptive or misleading representation or means in connection with the

collection of a debt, including, but not limited to, the false representation of the

character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A).

17.     Demanding payment of a debt that is no longer owed, due to a

bankruptcy, is false and/or deceptive or misleading, in violation of § 1692e of the

FDCPA.  Randolph v. IMBS, Inc., 368 F3d 726, 728-730 (7th Cir. 2004).

18.     Defendant Rushmore's violation of § 1692e of the FDCPA renders it liable

for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15

U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

19.     Plaintiff adopts and realleges ¶¶ 1-14.

20.     Section 1692c(c) of the FDCPA prohibits a debt collector from

communicating with a consumer after a direction to cease communications, and from

continuing to demand payment of a debt that the consumer has indicated that they

refuse to pay.  See, 15 U.S.C. § 1692c(c).

21.     Here, the bankruptcy and the notices issued by that court (Exhibits D and

E) provided notice to cease communications and cease collections.  By communicating

regarding this debt and demanding payment (Exhibit F), Defendant violated § 1692c(c) of the FDCPA.

22.     Defendant Rushmore's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Amanda Olson, prays that this Court:

1.     Find that Defendant Rushmore's debt collection actions violated the FDCPA;

2.     Enter judgment in favor of Plaintiff Olson, and against Defendant, for actual and statutory damages;

3.     Award Plaintiff her costs and reasonable attorneys' fees; and,

4.     Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Amanda Olson, demands trial by jury.

Amanda Olson,

By:/s/ David J. Philipps____
One of Plaintiff's Attorneys

Dated:  August 14, 2017

5

David J. Philipps       (Ill. Bar No. 06196285)
Mary E. Philipps       (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com